IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSHUA S. SPEAKES,

    Petitioner,

v.

BUREAU OF PRISONS[1],

    Respondent.

Case No. 23-CV-1413-SPM

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

    Petitioner Joshua Speakes ("Speakes") is an inmate of the Federal Bureau of Prisons ("BOP") and is incarcerated at United States Penitentiary - Marion ("Marion"). Speakes brings this habeas action pursuant to 28 U.S.C. § 2241 (Doc. 1). He challenges the BOP's denial to credit time served in federal custody while on a Federal Writ from May 28, 2019 until March 8, 2022 when he was sentenced to a 132 month term of imprisonment and returned to the Missouri Department of Corrections[2] (*Id.*).

    This matter is now before the Court for preliminary review. Rule 4 of the Federal Rules governing Section 2254 cases in United States District Courts provides

---

[1] In habeas actions challenging present custody, the proper respondent is generally the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004). Based upon information and belief, the warden of USP-Marion is Daniel Sproul, who shall be substituted as respondent in lieu of the Federal Bureau of Prisons.

[2] Petitioner claims that U.S. District Judge Beth Phillips ordered (*See* Case No. 6:19-CR-03044-BP (W.D. Mo)) that Speakes' 132 month sentence is "to run concurrently with the defendant's prior undischarged term of imprisonment in Greene County, Missouri, Circuit Court Case No. 1631-CR02713-01".

that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

The calculation, including the execution of a federal prisoner's sentence, can be challenged in a Section 2241 petition. *See Waletzki v. Keohane,* 13 F.3d 1079 (7t Cir. 1994). It is not plainly apparent that Speakes is not entitled to habeas relief. Without commenting on the merits of Speakes' claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b), and a response shall be ordered.

On May 10, 2023, Respondent filed an Entry of Appearance along with two motions; however, said Motions are terminated as moot because both are addressed herein (*See* Docs. 14 – 16). Additionally, service not being ordered as this matter originated in the U.S. District Court for the Western District of Missouri before being transferred to this Court.

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead on or before **June 23, 2023**.[3] This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present.  The Clerk

---

[3] The response date ordered here is controlling.  Any date that the Case Management/Electronic Case Filing ("CM/ECF") system should generate during this litigation is a guideline only. *See* SDIL-EFR 3.

of Court is **DIRECTED** to **TERMINATE** Bureau of Prisons as respondent and **SUBSTITUTE** Daniel Sproul as respondent.

Speakes is **ADVISED** of his continuing obligation to keep the Clerk of Court (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failing to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 11, 2023**

*s/Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**United States District Judge**
