**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JOSHUA S. SPEAKES,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**M. ARVIZA,**<br>**WARDEN FCI MENDOTA**<br><br>**Respondent.** | **Case No. 23-CV-01413-SPM** |

# MEMORANDUM AND ORDER

## McGLYNN, District Judge:

This action is before the Court on Joshua S. Speakes' ("Speakes") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 to challenge the computation of his sentence (Doc. 1). Specifically, Speakes argues that the Bureau of Prisons ("BOP") incorrectly computed his sentence in contravention of the District Judge's Order that the federal sentence shall run *concurrent* with a previously imposed state sentence (*Id.*). Respondent filed a response to the petition on September 2023, arguing that the BOP cannot apply prior custody credit for any period that was already credited toward another sentence (Doc. 38). Speakes filed a reply on October 2, 2023 reiterating his prior argument regarding the concurrent sentences (Doc. 39).

For the following reasons, the Petition will be DENIED.

### RELEVANT FACTS AND PROCEDURAL HISTORY

On August 28, 2018, Speakes was arrested in Missouri for operating a vehicle on a highway without a valid driver's license (Doc. 38-1, ¶3). On September 19, 2018, Speakes was released to the Missouri Department of Corrections due to an outstanding parole

revocation warrant in Case No. 1631-CR-02713-01[1] (*Id.*, ¶4). On October 2, 2018, his parole was revoked (*Id.*).

On May 9, 2019, a fourteen-count indictment was filed in the Western District of Missouri, Case No. 16-CR-3044[2], against multiple individuals, including Joshua Speakes (*Id.*, ¶6). On May 29, 2019, Speakes was taken into temporary federal custody pursuant to a Writ of Habeas Corpus ad Prosequendum (*Id.*, ¶8).

On March 8, 2022, Speakes was sentenced in FC to 132 months incarceration, which Judge Beth Phillips ordered to run concurrently with SC (*Id.*, ¶9). On March 16, 2022, Speakes returned to state authorities where he satisfied the state sentence on April 1, 2022 (*Id.*, ¶10). Accordingly, he was released to the exclusive custody of the U.S. Marshals Service for his federal sentence (*Id.*, ¶11). Because the federal sentencing judge indicated that the sentences were to be run concurrently, the BOP began Speakes' federal sentence on March 8, 2022, which was the date of imposition (Id., ¶12).

On July 18, 2022, Speakes filed a letter with the Court, seeking clarification of his sentence (FC 557). On July 21, 2022, the Court denied Speakes' request indicating that, "[t]he Court does not provide legal advice to litigants, and is not involved in the BOP's determinations about credit for time served. *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992))." (FC 558). The Court further noted that a defendant could not seek relief from a district court until his claim with the BOP had been exhausted, and then, to seek judicial review of the BOP's determination, Defendant would need to file a motion under 28 U.S.C. § 2241 (*Id.*).

[1] This state case shall hereinafter be referred to as "SC".
[2] This federal case shall hereinafter be referred to as "FC".

However, on July 25, 2022, Speakes filed a *pro se* motion for clarification to which no response was filed (FC 559).

Speakes is currently incarcerated at FCI – Mendota; however, at the time of filing this petition, he was incarcerated at USP – Marion, which is located within the Southern District of Illinois. According to the BOP website, Speakes has a projected release date of July 21, 2031[3].

**APPLICABLE LAW**

A petitioner may bring a petition under 28 U.S.C. § 2241 to challenge the fact or duration of the petitioner's confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 490 (1973). The Attorney General, acting through the BOP, calculates a defendant's sentence "as an administrative matter when imprisoning the defendant." *United States v. Wilson*, 503 U.S. 329, 335 (1992). A federal prisoner may challenge the execution of his sentence in a petition filed under 28 U.S.C. § 2241 in the district of incarceration. See *Taylor v. Lariva*, 638 F. App'x 539, 541 (7th Cir. 2016) (citing *Wilson*, 503 U.S. at 335. Although Speakes is no longer incarcerated within this district, jurisdiction is appropriate because he was confined here at the time the petition was filed. See *Evans v. Romine,* 182 F.3d 921, n.1 (7th Cir. 1999). Thus, Speakes' claim is properly before this Court.

Generally, the BOP's sentencing calculation is governed by 18 U.S.C. §3585, which provides that a federal prison sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be

[3] *See* https://www.bop.gov/inmateloc/ (last visited 10/19/2023).

served." 18 U.S.C. § 3585(a).

Section 3585(b) governs credit for time served before the commencement of a federal sentence:

> (b) Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*. (emphasis added).

**ARGUMENT**

The argument that Speakes is entitled to additional credit against his federal sentence lacks merit.

**A. Doctrine of Primary Custody**

The BOP has the authority to determine when a sentence begins to run. See *Ponzi v. Fesseden,* 258 U.S. 25, 260-261 (1922). The question of when a federal sentence begins to run is governed by 18 U.S.C. § 3585(a) and by the doctrine of primary custody. *Pope v. Perdue*, 889 F.3d 410, 415 (7th Cir. 2018). This rule dictates that "an inmate's federal sentence may only commence after the government exercises primary jurisdiction over him". *Id.*

In general, the sovereign that first arrests a defendant takes primary custody over him. *Id.* The transfer of a prisoner pursuant to a writ of habeas corpus ad prosequendum does not operate as a transfer of primary custody. *Jake v. Herschberger*, 173 F.3d 1059, 1061 n.1 (7th Cir. 1999). To the contrary, the arresting sovereign

retains primary custody "until it relinquishes its priority." *Pope*, 889 F.3d at 415.

In this case, Speakes was first arrested in Missouri on August 28, 2018 and then transferred to federal custody on May 14, 2019 pursuant to a writ of habeas corpus ad prosequendum for the purpose of his federal prosecution; therefore, that transfer of custody was temporary. The writ was directed to the Warden at Missouri Eastern Correctional Center and specifically advised that "in accordance with the law in the above-entitled cause; and, after said person shall have so appeared, to return said person to the aforementioned custody" (FC 48).

On March 16, 2022, Speakes was returned to state custody. Although Speakes was in the temporary custody of the U.S. Marshalls from May 14, 2019 until March 16, 2022, he was being detained pursuant to the writ, and as such, he remained in the *primary* custody of Missouri state officials. Then, once sentenced on March 8, 2022, the BOP designated that date as the commencement of his sentence.

Although a federal sentence usually "commences on the date the defendant is received into custody awaiting transportation to the official detention facility at which the sentence is to be served", there are some caveats and exceptions. 18 U.S.C. § 3585(a). Indeed, the BOP has authority to utilize the date upon which the federal sentence was imposed to treat a prisoner as having begun his federal sentence prior to arriving at a designated federal facility. 18 U.S.C. § 3621. This is generally referred to as a "nunc pro tunc" designation.

In this case, Speakes was exclusively released into federal custody from Missouri on April 1, 2022 which normally would have been then commencement date of his federal sentence; however, because the state and federal sentences were to be served

concurrently, the BOP calculated his sentence to commence several weeks earlier, on the sentencing date of March 8, 2022. Notwithstanding the foregoing, there are limitations to the amount of credit that can be given and the Sentence Computation Manual provides: "In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed." *See* BOP Program Statement 5880.28. As such, the BOP was bound by the sentencing date of March 8, 2022 and could not grant additional credit.

**B. Doctrine of Prior Custody**

Whether multiple prison sentences are to run concurrently or consecutively is governed by 18 U.S.C. §3584, which provides in relevant part that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. §3584(a). In this case, the federal sentencing judge, U.S. District Court Judge Beth Phillips, specified that the sentence was to run concurrently to the other sentence imposed (Doc. 38-1, pp. 36-42).

As hereinbefore mentioned, 18 U.S.C. § 3585(b) states in part, "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences … **that has not been credited against another sentence**. (Emphasis added). Because Speakes was given credit towards his state sentence for his entire time in custody, even while under the federal writ, BOP could NOT give him than same credit for his federal sentence and could not begin his federal sentence before the date of its imposition.

For these reasons, Speakes has failed to demonstrate that he is entitled to habeas corpus relief.

## CONCLUSION

For the foregoing reasons, Speakes' petition for habeas relief under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. This cause of action is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment accordingly.

If Speakes wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**
**DATED: October 20, 2023**

***s/Stephen P. McGlynn***
**STEPHEN P. McGLYNN**
**United States District Judge**